UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN RAY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO, et al.<br><br>　　　　Defendants. | **1:14-cv-00998---GSA**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(ECF No. 1) |

## I.   INTRODUCTION

Plaintiff Franklin Brown ("Plaintiff") filed a complaint (the "Complaint") against a number of parties associated with Fresno County on June 26, 2014. (ECF No. 1.) The Complaint alleges a single cause of action under 42 U.S.C. § 1983 against the County of Fresno, Elizabeth Egan, Kevin Briggs, Trace Meador, Juan P. Rodriguez, and Stephanie Renteria.[1] As discussed below, the Complaint will be dismissed because it fails to state a claim. Plaintiff is granted leave to file an amended complaint.

## II.   DISCUSSION

### a.   Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

---

[1] Each of the individual defendants appears to be employed in some capacity by Fresno County. Plaintiff claims that Egan and Renteria are both employed at the Fresno County District Attorney's office, Briggs and Rodriguez are employed at the Fresno County Counsel's office, and Meador works for "risk management."

1

malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the Complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

   **b.   Plaintiff's Allegations**

Plaintiff's Complaint contains few factual allegations. At some point in 2010, Plaintiff apparently filed a civil lawsuit against the Fresno County District Attorney's office as a result of a plea bargain he had entered into in a criminal case. In the course of that litigation, Plaintiff alleges that "Defendants . . . participated in a Civil Conspiracy which includes fraud, perjury, document fraud, obstruction of justice." Complaint ¶ 16. He concludes by stating that each of the individual defendants "had constructive knowledge of the Civil Rights violation against plaintiff." Complaint ¶¶ 19-23. Plaintiff states that his rights under the First Amendment were violated by

Defendants. Complaint ¶¶ 29, 34, 40, 56. He does not explain what "Civil Rights violation" the Defendants committed, nor does he explain what actions constituted a "Civil Conspiracy" against him.

### c. Analysis of Plaintiff's Allegations

To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Rule 8(a) additionally requires that each complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 550 U.S. at 555. It is not enough to merely conclude that these elements have been met; a plaintiff must provide facts sufficient to state a plausible claim under these elements.

Plaintiff has not stated facts sufficient to state a plausible violation of § 1983. Although it is apparent that Plaintiff believes Defendants engaged in some wrongdoing with respect to his civil suit against the District Attorney, it is not clear what each of the Defendants did or even whether they played a role in Plaintiff's civil suit. The Complaint cannot proceed without some factual basis for each defendant's liability.

## III.     LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the Complaint to fix the issues identified above. If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned in this case and be labeled "First Amended Complaint." As a general rule, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

## IV.     ORDER

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO

AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if he believes his claims are cognizable. Any amended complaint shall be filed no later than **May 18, 2015**. Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

   Dated:   **April 16, 2015**                          **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE