# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN RAY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO,<br><br>　　　　Defendant. | CASE NO. 1:14-CV-998 ---SMS<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING REQUEST FOR EXTENSION OF TIME<br><br>(Docs. 8 & 9) |

　　Plaintiff, proceeding in pro se and in forma pauperis, brings his complaint against the County of Fresno and associated parties for a violation of civil rights under 42 U.S.C. § 1983. Doc. 1. The complaint was dismissed for failure to state a claim with leave to amend. Doc. 5. Plaintiff requested and was granted an extension of time to file a first amended complaint. Docs. 6, 7. Plaintiff now requests appointment of counsel (Doc. 8) and an additional extension of time to file a first amended complaint (Doc. 9).

　　In both requests Plaintiff asserts that he suffers a mental health condition which makes it difficult for him to concentrate, and appointment of counsel "would ensure that plaintiff has adequate access to court to adjudicate his claim." Plaintiff also makes allegations intending to support of his cause of action and demonstrate that he has a colorable claim.

　　I.　　Request for Appointment of Counsel

　　Inmates have a fundamental constitutional right of access to the courts, but this right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 346, 354

(1996).

"[T]he Sixth Amendment grants an indigent defendant the right to state-appointed counsel in a *criminal* case." *Turner v. Rogers*, 131 S. Ct. 2507, 2516 (2011); U.S. Const. amend. VI. It does not govern *civil* cases. *Id*. "[T]he Due Process Clause does not expand the right to counsel beyond the boundaries set by the Sixth Amendment." *Id*. at 2523 (Thomas, J. dissenting). The Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings even if the indigent individual faces incarceration. *Id*. at 2520.

There is no constitutional right to appointed counsel in a civil-rights case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id*. "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id*. (*citing Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff has no constitutional right to appointed counsel in this civil case. After an evaluation of the likelihood of success on the merits and Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved, the Court finds that the exceptional circumstances necessary to grant Plaintiff's request do not exist at this time. Accordingly, Plaintiff's request for appointment of counsel will be denied.

II.     Request Extension of Time

Plaintiff requests, in the event that his request for appointment of counsel is denied, "an appropriate time period within which to amend his complaint, commensurate with his knowledge and mental health issues." Doc. 9 at 2:26-27. Having shown good cause, the Court will grant an additional thirty-day extension. The previous extension allowed Plaintiff until June 17, 2015 to file an amended complaint. Thus, Plaintiff will be permitted until July 17, 2015 to file an amended complaint. Plaintiff is not *required* to file an amended complaint, but failure to do so will result in dismissal of the action.

III. <u>Order</u>

1. Plaintiff's request for appointment of counsel is DENIED;

2. Plaintiff's request for an extension of time is GRANTED;

3. Plaintiff shall file an amended complaint on or before July 17, 2015; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  **June 11, 2015**                             **/s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE