# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN RAY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-CV-998 ---SMS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Franklin Ray Brown ("Plaintiff") brings this action *in pro se* and *in forma pauperis* against several defendants for violations of civil rights pursuant to 42 U.S.C. section 1983. Plaintiff's original complaint was screened and dismissed with leave to amend. Doc. 5. Plaintiff filed a first amended complaint ("FAC"). Doc. 13. For the reasons below, Plaintiff's FAC also will be dismissed with leave to amend.

I.　　SCREENING STANDARD

Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court must dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To dismiss a complaint, or portion thereof, for failure to state a claim, the Court applies the same standard as for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). This screening for failure to state a claim is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that a

defendant may choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

II.     RULE 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (*quoting Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

A pleading may not simply allege a wrong has been committed and demand relief. A pleading must give fair notice of the claim being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

If the Court determines that the complaint fails to state a claim, it should grant leave to amend to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d at 1130. Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Id.* at 1128.

III.    SUMMARY OF ALLEGATIONS

According to the FAC, Plaintiff was incarcerated during December 2010. On December 21, 2010 he filed a lawsuit in the California State Court against the Fresno County District Attorney's Office (the "DA") for breach of contract. Plaintiff's goal in filing that lawsuit was to have a civil judge evaluate the terms of his plea bargain, which Plaintiff believed was unlawful as to content and process. Plaintiff alleges he served the summons and complaint properly. At some point defendant Tracy Meador, who is employed by Fresno County Risk Management, returned the summons and complaint to Plaintiff, and stated that the County of Fresno required a specific way of accepting a summons and complaint. Plaintiff alleges that the stated method of accepting

service was not in accord with the California Code of Civil Procedure.

Plaintiff moved for default judgment after receiving no response from the DA. The DA moved to quash service of summons. In support of their motion, Stephanie Renteria, a DA employee, submitted a declaration containing untrue statements. Plaintiff filed the action on December 21, 2010, and served process on December 22, 2010. Ms. Renteria manufactured an envelope with a postmark of December 16, 2010 which was allegedly the envelope in which she received Plaintiff's summons and complaint in the state court action. She also stated that she did not receive personal service of process, but the summons and complaint were mailed to the DA from the Superior Court of Fresno County. Ms. Meador also submitted a declaration.

Plaintiff alleges that these actions deprived him of his right to access the court. Plaintiff further alleges that the other individual defendants in this action had knowledge of the civil rights violation and/or made policy decisions that harmed Plaintiff. Plaintiff alleges that Fresno County failed to train its employees regarding acceptance of service of process.

After these facts occurred, a form was created which instructs Fresno County employees the proper way to handle accepting service of process. Plaintiff is no longer incarcerated.

IV.     DISCUSSION

Plaintiff alleges that each defendant violated his First Amendment right of access to courts. Plaintiff's FAC contains much more detail than his original complaint; however, it still does not state a claim upon which relief may be granted. Plaintiff will be given another opportunity to amend.

A.  Applicable Law

The elements of a section 1983 case are "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983. The First Amendment right to petition the government includes a right of access to courts. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

States are required to assure all prisoners meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). For example, "indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with

stamps to mail them." *Id*. at 824-25. The inquiry is whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. *Id*. at 825.

An inmate bringing an access-to-courts case must allege actual injury in the pursuit of direct appeals, habeas petitions, and section 1983 civil rights actions to vindicate basic constitutional rights only. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). The injury requirement is not satisfied "by just any type of frustrated legal claim." *Id*. Examples of actual injury include having a case dismissed with prejudice and being unable to file legal actions. *Id*. at 355. In addition, there is no "freestanding right to a law library or legal assistance." *Id*. at 351.

B. <u>Analysis</u>

Plaintiff has alleged in his FAC that, while he was incarcerated, he properly served process on the DA, that his papers were returned to him, and that a DA employee manufactured an envelope and lied in an affidavit submitted to the state court in a motion to quash service. Plaintiff alleges that the DA, through its employees, did not accept service of process of his civil summons and complaint and thereby acted contrary to law. Taking these facts as true, he has not alleged that he was deprived of his civil right to access the courts.

Plaintiff's alleged facts describe a harm that is not anticipated by the First Amendment right of access to courts. As discussed above, this right is infringed when a litigant is prevented from bringing or litigating his appeal, habeas petition, or civil rights action. Plaintiff's FAC alleges that he was prevented from bringing a civil breach of contract action against the DA for breach of contract related to a plea bargain. Therefore, Plaintiff has not alleged that he was not preventing from bringing an appeal of his criminal conviction, a habeas petition, or a civil rights action, as anticipated and required by *Bounds* and *Casey*. Further, he has not alleged actual injury in that he was hindered in any way by any entity or individual from bringing or pursuing his civil action. He does not allege that his action was unfiled, unheard, or otherwise foreclosed due to some government failure. The allegations indicate that the DA would have accepted service of process by some means and that Plaintiff was on notice of that means. Plaintiff alleges that defendant Tracy Meador returned his papers in an envelope with a letter stating the DA's

requirements for service. Plaintiff does not allege that he attempted to re-serve according to the accepted means, or that the state court prevented him from re-serving the summons and complaint after the order on the motion to quash. Plaintiff alleges that he suffered and continues to suffer emotional distress, but emotional distress is not an actual injury in the context of an access to courts claim.

Further, Plaintiff's allegations continue to be vague and conclusory. The allegations in the FAC are not sufficiently specific as to most defendants such that they would have fair notice of the claim being asserted against them and the grounds upon which it rests.

Plaintiff has not alleged a cognizable section 1983 cause of action based on the right of access to courts, or any other civil right. Hence, his first amended complaint will be dismissed. Plaintiff is proceeding in pro se, and it is not clear that leave to amend would be futile. Leave to amend will be granted.

### C. State Court Claims

Plaintiff's FAC only brings federal causes of action under section 1983. It also mentions in passing several state law claims, including fraud and civil conspiracy, but does not sufficiently plead any California cause of action. Further, Plaintiff's intended redress in filing his breach of contract action in the state court might have been appropriately addressed as an appeal of his criminal conviction or a petition for writ of habeas corpus. Should Plaintiff desire to pursue an action based on violations of state law, that action would be properly brought in state court, as the federal courts are of limited jurisdiction. See 28 U.S.C. § 1441. Plaintiff also should be aware of any relevant statutes of limitation.

### D. Amendment

If Plaintiff elects to file an amended complaint, it must bear the docket number assigned in this case and be labeled "Second Amended Complaint." Plaintiff is advised that an amended complaint supersedes the original complaint and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is warned that all causes of action alleged in an original complaint which

1 are not alleged in an amended complaint will be deemed waived.

V. ORDER

For the foregoing reasons, Plaintiff's FAC is DISMISSED WITH LEAVE TO AMEND. Any amended complaint shall be filed within thirty (30) days from the date of service of this order. Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **September 23, 2015**              **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE