# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN RAY BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO, et al.,<br><br>    Defendants. | CASE NO. 1:14-CV-998---SMS<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND AND THE CASE CLOSED |

Plaintiff Franklin Ray Brown ("Plaintiff") brings this action *in pro se* and *in forma pauperis* against several defendants for violations of civil rights pursuant to 42 U.S.C. section 1983. Plaintiff's original complaint was screened and dismissed with leave to amend. Doc. 5. Plaintiff filed a first amended complaint ("FAC"), also screened and dismissed with leave to amend. Plaintiff filed a second amended complaint ("SAC"). Doc. 13. For the reasons below, the Court recommends that Plaintiff's SAC be dismissed without leave to amend.

I.   SCREENING STANDARD

Under 28 U.S.C § 1915(e)(2), the Court must screen all complaints brought *in forma pauperis* or by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The Court must dismiss the complaint or any portion of it that is "frivolous," "malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). To dismiss a complaint, or portion thereof, for failure to state a claim, the Court applies the same standard as for motions to dismiss under Fed. R. Civ. P.

12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). This screening for failure to state a claim is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that a defendant may choose to bring. *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

II.     RULE 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (*quoting Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

A pleading may not simply allege a wrong has been committed and demand relief. A pleading must give fair notice of the claim being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

If the Court determines that the complaint fails to state a claim, it should grant leave to amend to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d at 1130. Dismissal of a *pro se* complaint for failure to state claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Id.* at 1128.

III.    SUMMARY OF ALLEGATIONS

According to the SAC, Plaintiff was incarcerated during December 2010. Plaintiff alleges that he discovered that there were constitutional defects in the sentencing process, which made his sentence unlawful. Plaintiff sought to have a civil judge evaluate the terms of his plea bargain.

On December 21, 2010, Plaintiff filed a lawsuit in the California State Court against the Fresno County District Attorney's Office (the "DA") for breach of contract. He paid the court filing fee. Plaintiff alleges he served the summons and complaint properly. At some point

defendant Tracy Meador, who is employed by Fresno County Risk Management, returned the summons and complaint to Plaintiff, and stated that the County of Fresno required a specific way of accepting a summons and complaint. Plaintiff alleges that the stated method of accepting service was not in accord with the California Code of Civil Procedure.

Plaintiff moved for default judgment after receiving no response from the DA. He was denied a hearing on his motion for default judgment.

In January 2011, the DA moved to quash service of summons. In support of their motion, Stephanie Renteria, a DA employee, submitted a declaration containing untrue statements. She stated that she did not receive personal service of process, but the summons and complaint were mailed to the DA from the Superior Court of Fresno County. Ms. Renteria submitted as an exhibit a manufactured envelope, which was allegedly the envelope in which she received Plaintiff's summons and complaint in the state court action. However, this envelope had a postmark of December 16, 2010, although Plaintiff did not file the action until December 21, 2010, and served process on December 22, 2010. Ms. Meador also submitted a declaration.

Plaintiff alleges that these actions deprived him of his right to access the court by impeding his claim, and constitute perjury, fraud and civil conspiracy. Plaintiff further alleges that the other individual defendants in this action had knowledge of the civil rights violation and/or made policy decisions that resulted in the denial of Plaintiff's right to access the court by his denial of a default judgment hearing. Plaintiff wanted to use a court order granting default judgment "to collaterally attack his sentence in a Writ Of Habeas Corpus or 1983 action to obtain his freedom." SAC ¶ 52. Plaintiff alleges that if it were not for defendants' interference, he would have "received an order from the court which would have given the judicial interpretation of the terms of the contract/plea bargain." SAC ¶ 43. Plaintiff alleges that Fresno County failed to train its employees regarding acceptance of service of process.

After these facts occurred, a form was created which instructs Fresno County employees the proper way to handle accepting service of process. Plaintiff is no longer incarcerated.

IV. DISCUSSION

Plaintiff's FAC was dismissed because it did not state an access to courts claim or any

other federal claim. The Court order described the pleading requirements for an access to courts claim and explained that Plaintiff had not adequately pled actual injury. Plaintiff's SAC does not contain additional factual allegations, but adds allegations that clarify and emphasize his alleged harm. He alleges that he suffered injury because he was denied unimpeded adjudication of his legal claim, he was denied a hearing on his motion for default judgment, he was unable to obtain default judgment against Defendants and use that judgment to support a habeas petition or subsequent 1983 civil rights action, and he suffered and continues to suffer emotional distress. SAC ¶¶ 40-43. However, these allegations do not cure the defect identified in the Court's prior order and the SAC does not state a claim upon which relief may be granted. Plaintiff's SAC should be dismissed for failure to state a claim.

A. Applicable Law

The Court's prior order dismissing the FAC informed Plaintiff that the elements of a section 1983 case are "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983. The First Amendment right to petition the government includes a right of access to courts. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

States are required to assure all prisoners meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). For example, "indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." *Id*. at 824-25. The inquiry is whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. *Id*. at 825.

Plaintiff was also informed that an inmate bringing an access-to-courts case must allege actual injury in the pursuit of direct appeals, habeas petitions, and section 1983 civil rights actions to vindicate basic constitutional rights only. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). The injury requirement is not satisfied "by just any type of frustrated legal claim." *Id*. Examples of actual injury include having a case dismissed with prejudice and being unable to file legal actions. *Id*. at 355.

B. <u>Analysis</u>

Plaintiff has alleged in his FAC that, while he was incarcerated, he properly served process on the DA, that his papers were returned to him, and that DA employees manufactured an envelope and lied in an affidavit submitted to the state court in a motion to quash service. Plaintiff alleges that the DA, through its employees, did not accept service of process of his civil summons and complaint, and insodoing, acted contrary to law. Because of the DA and its employee's actions, Plaintiff was denied a default judgment hearing and a default judgment order. Taking these facts as true, he has not alleged that he was deprived of his civil right to access the courts. Plaintiff has still failed to allege that his habeas petition or civil rights action was dismissed, unfiled, or otherwise foreclosed.

Plaintiff's alleged facts do not describe a harm that is anticipated and protected by the First Amendment right of access to courts. As discussed, this right is infringed when a litigant is prevented from bringing or litigating his appeal, habeas petition, or civil rights action. Plaintiff's FAC alleges that he was prevented from bringing a civil breach of contract action against the DA for breach of contract related to a plea bargain. Therefore, Plaintiff has not alleged that he was not preventing from bringing an appeal of his criminal conviction, a habeas petition, or a civil rights action, as anticipated and required by *Bounds* and *Casey*.

Even if the Court were to construe his breach of contract action as an appeal, habeas petition, or civil rights action, he has not alleged actual injury in that he was hindered in any way by any entity or individual from bringing or pursuing his civil action. Plaintiff must have alleged that his action was unfiled, unheard, or otherwise foreclosed due to some government failure. He has not made these allegations. His action was filed. He was free to re-serve the DA. He was free to continue to pursue his claim to resolution without the desired default judgment order. The allegations indicate that the DA would have accepted service of process by some means and that Plaintiff was on notice of that means. Plaintiff alleges that defendant Tracy Meador returned his papers in an envelope with a letter stating the DA's requirements for service. Plaintiff does not allege that he attempted to re-serve according to the accepted means, or that the state court prevented him from re-serving the summons and complaint after the order on the motion to quash.

In addition, Plaintiff does not allege that he attempted to bring a habeas petition in state court or a direct appeal in order to challenge his sentence. The DA's alleged actions of refusing service and making false statements in a court document did not prevent Plaintiff from filing or pursuing a habeas petition or direct appeal.

Plaintiff has not alleged a cognizable section 1983 cause of action based on the right of access to courts, or any other civil right. Hence, his first amended complaint should be dismissed. Plaintiff is proceeding in pro se, and his pleadings are liberally construed. However, considering the minimal changes between the FAC and the SAC, and his reinforcement of his allegations and alleged harm which does not support a civil rights violation, it is clear that leave to amend would be futile and Plaintiff cannot cure the defect. Leave to amend is not recommended.

### C. State Court Claims

Plaintiff mentions in passing several state law claims, including fraud, perjury, and civil conspiracy, but does not sufficiently plead any California cause of action. Should Plaintiff desire to pursue an action based on violations of state law, that action would be properly brought in state court, as the federal courts are of limited jurisdiction. See 28 U.S.C. § 1441. Plaintiff also should be aware of any relevant statutes of limitation with regard to actions occurring in early 2010.

### V. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's SAC be DISMISSED without leave to amend and the case closed.

These findings and recommendations are submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court, serving a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review

///////////////
/////////////
//////////

the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 25, 2015**         **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE